IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELBERT MELTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-637-ECM-CWB |
| | ) |
| CONNIE BROOKS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Elbert Melton, Jr. ("Plaintiff") filed this action on November 2, 2023 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). Referral then was made to the Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 4). Upon review of Plaintiff's request to proceed *in forma pauperis* (Doc. 2), the undersigned Magistrate Judge expressed concern over whether Plaintiff was eligible for *in forma pauperis* status and ordered Plaintiff to file the long-form application. (*See* Doc. 5).

Although Plaintiff did submit a long-form application (Doc. 7), the undersigned concluded that Plaintiff failed to establish an inability to pay the requisite fees (Doc. 8). Plaintiff thus was ordered to remit the $350 filing fee and the $52 administrative fee by December 22, 2023. (*Id*.). Plaintiff further was "cautioned that his failure to respond to this Order by the imposed deadline may result in a recommendation of dismissal." (*Id*.). Nonetheless, a review of the docket reveals that Plaintiff has failed to pay the fees or take any other responsive action.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co*., 370 U.S. 626, 629-30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars

1

of the District Courts." *Id.* It further empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-31. *See also Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017). Here, the undersigned finds Plaintiff's failure to comply with the court's directives as reflecting a clear record of delay and willful contempt. The undersigned further finds that any lesser sanction than dismissal would not be appropriate under the circumstances. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). Accordingly, the undersigned hereby **RECOMMENDS** that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **January 18, 2024**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.

**DONE** this the 4th day of January 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3